IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**RUSSELL SCHLEINING,**              04-CV-1413-BR

      **Plaintiff,**              OPINION AND ORDER

v.

**CHICAGO PNEUMATIC TOOL COMPANY, a foreign corporation,**

      **Defendant.**


**RICK KLINGBEIL**
Rick Klingbiel, PC
520 S.W. Sixth Avenue, Suite 950
Portland, OR  97204
(503) 473-8565

**DAVID SUGERMAN**
Paul & Sugerman, P.C.
520 S.W. Sixth Avenue, Suite 920
Portland, OR  97204
(503) 224-6602

**BERNARD JOLLES**
Jolles & Bernstein, P.C.
721 S.W. Oak, 2nd Floor
Portland, OR  97205
(503) 228-6474

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**W.A. JERRY NORTH**
**ANDREW J. LEE**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR  97204
(503) 222-9981

      Attorneys for Defendant


**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Collateral Estoppel and Comparative Fault)(#15).

Plaintiff Russell Schleining brings this action against Defendant Chicago Pneumatic Tool Company and alleges he sustained injuries to his hands, fingers, wrists, and forearms caused by his use of the CP-838, a pneumatic tool manufactured and sold by Defendant.  Plaintiff asserts claims for strict product liability and negligence.

Plaintiff moves for partial summary judgment and asks the Court to rule on the following legal issues:

1. Whether the jury verdict rendered in this District in *Bradley v. Chicago Pneumatic Tool Co.*, Case No. 01-CV-1163-KI, conclusively establishes Defendant's fault;

2. Whether Defendant provided adequate warnings;

3. Whether smoking was a cause of Plaintiff's injury;

4. Whether Plaintiff filed this action within the applicable statute of limitations;

2 - OPINION AND ORDER

    5.    Whether Plaintiff filed this action within the applicable statute of ultimate repose; and

    6.    Whether Defendant can rely on the "sophisticated intermediary" doctrine as an affirmative defense.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## PROCEDURAL HISTORY AND PREVIOUS RULINGS

On July 18, 2005, Defendant filed a Motion for Summary Judgment or in the Alternative Partial Summary Judgment (#11), and Plaintiff filed a Motion for Partial Summary Judgment (#15). There was some overlap between the arguments Plaintiff and Defendant raised in their respective Motions.

On February 2, 2006, the Court heard oral argument on Defendant's Motion. During oral argument, the Court ruled that fact questions precluded summary judgment for either party on the issue whether Plaintiff's action was filed timely. The parties also conceded both Plaintiff's allegations and Defendant's affirmative defense as to whether smoking contributed to Plaintiff's injury were irrelevant because the parties agreed Plaintiff never has smoked, and, therefore, the summary judgment issues pertaining to smoking were moot.

Accordingly, the Court now denies Plaintiff's Motion as to the issue whether Plaintiff's action was filed timely and also

3 - OPINION AND ORDER

denies as moot Plaintiff's Motion insofar as it relates to allegations of smoking as a cause of Plaintiff's injury.

In addition, for the reasons stated at the hearing concerning fact issues precluding summary judgment on Defendant's Motion as to the adequacy of Defendant's warnings, the Court also denies Plaintiff's Motion as to that issue.

Thus, the only issues still to be decided in Plaintiff's Motion are whether the jury verdict in the *Bradley* case operates to establish Defendant's fault as a matter of law and whether Defendant is entitled to assert the "sophisticated intermediary" doctrine as an affirmative defense.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th

4 - OPINION AND ORDER

Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## **DISCUSSION**

**I.   *Bradley v. Chicago Pneumatic Tool*.**

In *Bradley v. Chicago Pneumatic Tool*, 01-CV-1162-KI, five plaintiffs brought an action against Chicago Pneumatic Tool and alleged they sustained vibration injuries due to occupational use of the CP-838. The *Bradley* plaintiffs asserted both negligence and strict product-liability claims. The case was tried to a jury in June 2003. The jury returned a verdict in favor of the plaintiffs, specifically finding the CP-838 was defective and the defendant was negligent. The jury, however, did not make any findings regarding the nature of the defect in the CP-838 or the

5 - OPINION AND ORDER

nature of the defendant's negligent conduct.

As noted, Plaintiff argues Defendant should be collaterally estopped from denying its fault based on the *Bradley* verdict and subsequent judgment.

The preclusive effect of a prior judgment in a diversity action is determined by the law of the state in which the diversity court sits. *Semtek v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). Although Oregon courts have not decided whether to apply federal or state law to determine the preclusive effect of a judgment in a prior diversity action, the Ninth Circuit has assumed Oregon would apply federal common law. *Bates v. Union Oil Co.,* 944 F.2d 647, 649 (9th Cir. 1991), *cert. denied,* 503 U.S. 1005 (1992). Accordingly, this Court will apply federal common law even though the parties apparently assumed state issue-preclusion law applies, and, therefore, did not present any of analysis of the federal standard.

Issue preclusion, also known as collateral estoppel, has the effect of "foreclosing relitigation of a matter that has been litigated and decided." *Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir. 2003). Issue preclusion "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Masson v. New Yorker Magazine, Inc.,* 85 F.3d 1394,

6 - OPINION AND ORDER

1400 (9th Cir. 1996)(internal quotation and citation omitted). Offensive issue preclusion applies "'when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party.'"  *Bates*, 944 F.2d at 651 n.2 (quoting *Parklane Hosiery*, 439 U.S. 322, 326 n.4 (1979)).

"A party invoking issue preclusion must show:  (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."  *Littlejohn v. United States,* 321 F.3d 915, 923 (9th Cir. 2003).

When determining whether an issue is identical to the issue actually litigated in the prior litigation, the court must consider whether:  (1) a substantial overlap exists between the evidence or argument to be advanced in both proceedings, (2) the new evidence or argument involves the application of the same rule of law in both proceedings, (3) pretrial preparation and discovery in the first action reasonably could have been expected to embrace the matter sought to be presented in the second action, and (4) the claims involved in the two proceedings are closely related.  *Kamilche v. United States,* 53 F.3d 1059, 1062 (9th Cir. 1995).

7 - OPINION AND ORDER

On the current record, the Court is unable to determine whether the specific negligence issues actually litigated and decided in *Bradley* are identical to the issues presented here. In particular, Plaintiff provides very little documentation regarding the *Bradley* litigation to support his Motion. For example, the record does not contain either the pretrial order or the complaint filed in *Bradley*. Although Plaintiff provides a document that purports to be an excerpt from the jury instructions given in *Bradley*, there are difficulties using the document in isolation to accomplish Plaintiff's purpose. For example, Exhibit 4 to the Affidavit of Rick Klingbeil consists of two pages of text. The pages do not include a caption nor any other indication of their source or connection to the *Bradley* case. In his Affidavit, Klingbeil attests Exhibit 4 is an excerpt of the trial transcript in *Bradley*. Klingbeil's testimony, however, is insufficient to authenticate the excerpt. To authenticate a transcript excerpt, parties should include both a caption and a reporter's certificate. *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

In any event, even assuming the authenticity of this excerpt, the Court cannot say the finding of negligence in *Bradley* is based on the same specific acts of negligence alleged in this case.

It appears from the record that the *Bradley* plaintiffs

8 - OPINION AND ORDER

presented several theories of liability to the jury. The jury's finding of both defect and negligence could have been based on any of these multiple theories of liability. Thus, there is insufficient documentation in the record to determine whether the issues actually litigated and determined in *Bradley* are, in fact, identical to the issues presented here.

Accordingly, the Court concludes Plaintiff is not entitled to summary judgment on this record.

**II.  "Sophisticated Intermediary" Doctrine.**

Plaintiff also argues Defendant cannot rely on a "sophisticated intermediary" doctrine as an affirmative defense because that defense does not exist under Oregon law. Plaintiff, however, is mistaken.

The sophisticated or learned intermediary doctrine has long been relied on by defendants in Oregon. *See, e.g., Kammer v. Lamb-Grays Harbor Co.*, 55 Or. App. 557, 561 (1982); *Schmeiser v. Trus Joist Corp.*, 273 Or. 120, 127 (1975). The doctrine acknowledges a defendant may satisfy its duty to warn by providing a warning to an intermediary such as an employer or contractor. *Id.* Here Defendant asserts it provided adequate warnings regarding the proper use of the CP-838 to Plaintiff's employer, who purchased the tool and provided it to Plaintiff. Contrary to Plaintiff's contention, Oregon law permits Defendant to assert this defense.

9 - OPINION AND ORDER

Plaintiff also argues he is entitled to summary judgment even if the doctrine is allowed under Oregon law because Defendant's warnings were inadequate as a matter of law.  Again, however, the Court concludes the existing record is not sufficient to establish clearly whether legally inadequate warnings were actually included with the tools Plaintiff alleges caused his injuries.

Accordingly, based on this record, the Court concludes Plaintiff is not entitled to summary judgment as to the inadequacy of Defendant's warnings.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Collateral Estoppel and Comparative Fault)(#15).

IT IS SO ORDERED.

DATED this 15th day of March, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge